99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Reginald HARRIS, Plaintiff-Appellant,
v.
PEOPLE of the State of New York and the New York City Police
Department, Defendants-Appellees.
 No. 95-2309.
 United States Court of Appeals, Second Circuit.
 Dec. 7, 1995.
 
 APPEARING FOR APPELLANT: Reginald Harris, pro se, Stormville, N.Y.
 APPEARING FOR APPELLEES: Ellen Ravitch, Assistant Corporation Counsel, The City of New York Law Department, New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Present NEWMAN, Chief Judge, and FEINBERG and CARDAMONE, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Southern District of New York (Louis L. Stanton, Judge).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 4
 Reginald Harris appeals pro se from the April 24, 1995, judgment dismissing, on motion for summary judgment, his suit under 42 U.S.C. § 1983 against two police officers for false arrest. The undisputed evidence established that the officers responded to a citizen's complaint of a burglary, observed Harris running from the building where the offense was reported, caught him and brought him back to the building where the building superintendent and a building resident identified Harris as the burglar, and found in Harris's possession items identified by the superintendent as missing property. These circumstances established probable cause for the arrest, which is a complete defense to the claim of false arrest. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118-19 (2d Cir.1995).
 
 
 5
 The complaint was properly dismissed.